# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| THADDEUS J. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) No. 3:15-cv-00460 |
| | ) Judge Campbell |
| v. | ) |
| | ) |
| METROPOLITAN SHERIFF DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M**

Plaintiff Thaddeus J. Johnson (#400948), an inmate at the Davidson County Criminal Justice Center in Nashville, Tennessee, brings this *pro se, in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983 against the "Metropolitan Sheriff Department," Sheriff Daron Hall, Patricia Young, Dr. Roberta Burns, and David Miller, alleging that the defendants denied him appropriate medical treatment. (Docket No. 1). He seeks damages in the amount of one million dollars ($1,000,000.00) and treatment for his leg pain. (*Id*. at p. 6).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

II.    **Section 1983 Standard**

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution

or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III. Alleged Facts

According to the complaint, the plaintiff, who uses a wheelchair, arrived at the Criminal Justice Center on October 27, 2013. (Docket No. 1 at p. 3). The plaintiff has "metal and screws in both legs" and suffers from swelling, popping, and pain in his legs. (*Id*. at p. 4). The complaint alleges that the defendants have refused to provide the plaintiff with pain medication and physical therapy, both of which had been prescribed for the plaintiff by a private physician prior to the plaintiff's incarceration. The complaint further alleges that the plaintiff has "constantly filled out sick calls, and grievances, but I can't get no help. I've been scheduled to see Dr. Burns and NP David Miller over (6) six times and they always cancel the appointment." (*Id*.) According to the complaint, an unidentified nurse at the Criminal Justice Center told the plaintiff that he needed an x-ray and an M.R.I., but the tests were too expensive for inmates. (*Id*.) The plaintiff states that he can barely walk. (*Id*.)

## IV. Analysis

First, the plaintiff names the "Metropolitan Sheriff Department," which the court understands to be the Davidson County Sheriff's Office, as a defendant to this action. The Davidson County Sheriff's Office is an agency or unit of the Metropolitan Government of Nashville and Davidson County and is not a suable entity itself. *See Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) ("[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit.")(collecting cases)). Thus, the plaintiff's claims against the

Davidson County Sheriff's Office must be dismissed.

With respect to the plaintiff's § 1983 claims for monetary damages against the individual defendants in their official capacities, those claims are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). Thus, those claims must be dismissed.

Next, the statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." *Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). *Porter v. Brown,* 289 Fed. Appx. 114, 116 (6th Cir. 2008).

Here, the complaint advances § 1983 claims against the defendants based on the denial of medical treatment as far back as October 27, 2013. As the plaintiff's complaint was signed on April 15, 2015, all claims arising from events that occurred prior to April 16, 2014, are time barred. Those claims must be dismissed, leaving for the court to consider the plaintiff's denial of medical treatment claims for the period of time from April 16, 2014 to the present.

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, a plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

A prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level

4

of a Constitutional violation. *Estelle*, 429 U.S. at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

Based on plaintiff's allegations, the court finds that the complaint states colorable claims against the defendants under § 1983 for the failure to provide medical treatment for his leg problems and pain. Although the plaintiff cannot pursue a claim based on the defendants' failure to comply with the prescribed treatment and medication by an outside physician prior to the plaintiff's incarceration, the complaint alleges that defendants Hall, Young, Burns, and Miller refused to provide any medical consultation or treatment whatsoever for the plaintiff–despite his continued efforts to see a nurse or physician, his alleged worsening pain, and decreasing mobility–and that the defendants' denials may have been based on a policy to avoid incurring the cost of the needed tests or treatment. The court finds that these claims are not frivolous under the PLRA. However, the court cautions that this finding is preliminary, particularly with regard to the plaintiff's official capacity claims.[1] The record should be developed for further consideration of the plaintiff's allegations.

---

[1] Construing the *pro se* plaintiff's allegations liberally, the complaint arguably alleges that there is a custom, policy, or practice in place pursuant to which the remaining defendants denied needed medical treatment and testing to the plaintiff because of cost. These allegations, however, must be supported by fact in order for the plaintiff ultimately to prevail on his official capacity claims.

## V. CONCLUSION

As set forth above, the plaintiff has stated non-frivolous denial of medical treatment claims against defendants Daron Hall, Patricia Young, Dr. Roberta Burns, and David Miller in their individual and official capacities under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. These claims will be allowed to proceed for further development.

However, the plaintiff's claim against the "Metropolitan Sheriff Department," construed as a claim against the Metropolitan Nashville Police Department, fails to state a § 1983 claim upon which relief can be granted, and that claim must be dismissed under the PLRA. Likewise, the plaintiff's claims for monetary damages against the defendants in their official capacities must be dismissed. Further, any claims for the denial of medical treatment occurring prior to April 16, 2014, must be dismissed as having been pursued beyond the applicable statute of limitations for such claims.

An appropriate order will be entered.

Todd J. Campbell
United States District Judge